ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| JULIO CÉSAR TORRES ROMÁN; ANA ROMÁN GONZÁLEZ<br><br>Recurridos<br><br>v.<br><br>DEYENEIRA DESIRÉ MAISONAVE PÉREZ<br><br>Peticionaria | TA2025CE00943 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2025RF00770<br><br>Sobre: Custodia-Relaciones Filiales |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Aldebol Mora y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de diciembre de 2025.

Compareció la Sra. Deyeneira Desiré Maisonave Pérez (en adelante, "señora Maisonave Pérez" o "peticionaria") mediante recurso de *Certiorari* presentado el 22 de diciembre de 2025 junto a una *Moción solicitando auxilio de jurisdicción.* Nos solicitó la revisión de una determinación dictada el 17 de diciembre de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, "foro de Instancia"). En esta, el foro de Instancia concedió relaciones paternofiliales de forma provisional - consistente en que el menor de 3 años pernocte con su padre- durante la época de navidad.

Por los fundamentos que expondremos a continuación, se **deniega** tanto la solicitud de auxilio de jurisdiccion, así como la expedición del recurso de *Certiorari.*

**-I-**

El 19 de noviembre de 2025, el Sr. Julio Cesar Torres Román instó una *Demanda* sobre relaciones paternofiliales contra la señora

---

[1] Véase Orden Administrativa OATA-2025-243.

Maisonave Pérez. En síntesis, solicitó autorización al tribunal para relacionarse con su hijo de 3 años todos los fines de semana de viernes a domingo durante la época de navidad, debido a que será reclutado por US Air Force y trasladado a los Estados Unidos en algún momento antes de que termine el año 2025. Indicó que el menor pernoctaría en la residencia de su abuela paterna junto a él, mientras se encuentre presente en Puerto Rico. Alegó, además, que la referida residencia tiene acomodo razonable para que el menor pernocte y se garantice su bienestar.

El 10 de diciembre de 2025, el foro de Instancia citó a las partes a una *Vista Urgente* a celebrarse el 17 de diciembre de 2025 a las 2:00pm.[2]

El 12 de diciembre de 2025, el representante legal de la señora Maisonave Pérez presentó *Moción asumiendo representación legal y solicitando transferencia de vista.*[3] Allí informó que estaba imposibilitado de comparecer a la vista del día 17 de diciembre por razón de otra vista señalada en el pleito número SS2025MU00321 en el foro primario de San Sebastián a las 3:00pm.

El 15 de diciembre de 2025, el foro de Instancia autorizó la representación legal de la señora Maisonave Perez y denegó la transferencia de vista.[4] Además, dictaminó que "[e]l caso fue señalado para ese día por la urgencia presentada. Lo estaremos atendiendo a la 1:30 p.m.".[5]

El 17 de diciembre de 2025 a las 11:53am, la representación legal de la señora Maisonave Pérez presentó una *Moción urgente solicitando suspensión de vista* debido a que se encontraba en cuidado médico y tenía programado un estudio en San Juan a las 2:00pm.[6]

---

[2] SUMAC-TPI, entrada núm. 8.
[3] SUMAC-TPI, entrada núm. 11.
[4] SUMAC-TPI, entrada núm. 14.
[5] SUMAC-TPI, entrada núm. 15.
[6] SUMAC-TPI, entrada núm. 16.

Ese mismo día, 17 de diciembre de 2025, el foro de Instancia celebró una *Vista Urgente* a la cual compareció la señora Maisonave Pérez sin su representación legal.[7]

El 18 de diciembre de 2025, tras escuchar el testimonio de ambos progenitores, el foro de Instancia concedió la petición de relaciones paternofiliales y determinó de manera provisional lo siguiente:

- El día de Navidad el 25 al 26 de diciembre de 2025 el menor pernoctará con papá.
- Del 29 al 30 de diciembre de 2025 el menor pernoctará con papá.
- Del 1 al 2 de enero de 2026 el menor pernoctará con papá.
- El Día de Reyes del 5 al 6 de enero de 2026 pernoctará con papá.
- Entrega y recogido del menor será a las 3:00 p.m. en casa de mamá.
- Del 10 al 11 enero de 2026 el recogido será a la 1:00 p.m. y entregará domingo a las 12:00 p.m.
- Del 17 al 18 de enero de 2026 el recogido será a la 1:00 p.m. y entregará domingo a las 12:00 p.m.
- Se refiere el caso a la Unidad Social de Relaciones de Familia.[8]

El 19 de diciembre de 2025, la señora Maisonave Pérez instó *Moción urgentísima solicitando reconsideración.*[9] En esencia, solicitó que se dejara sin efecto el hecho de que el menor de tres años pernocte con su padre, toda vez que nunca ha dormido sin la compañía de su madre y se desconoce las condiciones del lugar donde estará pernoctando. Además, señaló que la *Vista Urgente* se celebró sin la comparecencia de su representación legal por razones médicas, aun cuando este solicitó una suspensión de la vista.

El 22 de diciembre de 2025, el señor Torres Román presentó su *Oposición a reconsideración.*[10] En cuanto a la solicitud de suspensión de vista, alegó que no acompañó ninguna evidencia de su condición de salud, sino que lo informó en su moción de

---

[7] SUMAC-TPI, entrada núm. 17.
[8] *Id.,* pág. 2.
[9] SUMAC-TPI, entrada núm. 19.
[10] SUMAC-TPI, entrada núm. 20.

reconsideración por primera vez. Respecto al plan de relaciones paternofiliales, señaló como sigue:

> [...] en este caso el menor se está relacionado con su padre y abuela paterna desde que nació, ha visitado el hogar donde se va a relacionar desde hace 3 años, la madre ha reconocido que no ha sufrido ningún daño ni ha sido maltratado durante estos 3 años, reconoció que el menor tiene apego con su padre y su abuela y aceptó voluntariamente la relación paterno filial en forma libre y le reconoció a este Tribunal bajo juramento que no se sentía presionada.[11]

El 22 de diciembre de 2025, el foro de Instancia emitió y notificó una *Orden* en la que denegó la solicitud de reconsideración de la señora Maisonave Pérez y ordenó el estricto cumplimiento de las relaciones paternofiliales en los días festivos.[12]

Aun inconforme, el 22 de diciembre de 2025, la señora Maisonave Pérez acudió ante nos mediante el recurso de epígrafe y señaló la comisión de los errores siguiente:

1. Cometió error el TPI al celebrar una vista, dejando desprotegida a la peticionaria, habiéndose informado la incapacidad de su abogado para asistir a la vista por razones médicas, lo que constituye un claro abuso de discreción judicial.

2. Erró el TPI al continuar con la celebración de una vista, aun cuando la peticionaria solicitó que su abogado estuviera presente y que no lo estaba por razones médicas, lo que constituye un abuso de discreción judicial.

3. Cometió error el TPI al disponer, conforme a la minuta del caso, que la Moción radicada por el abogado de la recurrente informando su situación médica: "...determinó en dicha moción por no puesta..." Lo que demuestra un claro abuso de discreción judicial.

4. Erró el Tribunal al disponer dos días después de radicada una Moción de Suspensión por razones médicas y previo a la vista (conforme se hizo constar en la minuta) como Académica; lo que constituye un claro abuso de discreción judicial.

5. Erró el Tribunal al disponer relaciones paternofiliales de un menor de 3 años, sin tener fundamentos suficientes e inclusive sin una recomendación de la oficina de relaciones de familia o amparándose en hechos irrelevantes, lo que impidió procurar el bienestar del menor, lo que constituye un abuso de discreción judicial.[13]

---

[11] *Id.,* págs. 2-3.
[12] SUMAC-TPI, entrada núm. 22.
[13] SUMAC-TA, entrada núm. 1, págs. 7-8.

En igual fecha, la peticionaria presentó una *Moción solicitando auxilio de jurisdicción.*[14]

Examinado el recurso, determinamos prescindir de la comparecencia del recurrido, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025)[15], y procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

-II-

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *Certiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005).

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 y la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025), disponen los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia.

Cabe precisar que nuestro Tribunal Supremo ha expresado que el juzgador de Instancia tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y

---

[14] SUMAC-TA, entrada núm. 2.

[15] A partir del 16 de junio de 2025, las nuevas enmiendas incorporadas a nuestro Reglamento tienen vigencia inmediata en todos los procedimientos pendientes ante nos.

discernimiento al interpretar el derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Por lo cual, este Tribunal Revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

**-III-**

En el caso ante nos, la peticionaria alega que el foro de Instancia abusó de su discreción al conceder relaciones paternofiliales y celebrar una vista sin su representante legal. Sin embargo, luego de revisar el expediente no estamos persuadidos de que el foro de Instancia haya incurrido en abuso de su ejercicio discrecional que obligue nuestra intervención.

El expediente refleja que la peticionaria no tiene inconveniente que el menor de 3 años se relacione con su padre. Incluso, no consta en el expediente alegación ni evidencia alguna que nos induzcan a pensar que las relaciones paternofiliales no son sanas o que afectan el bienestar del menor de edad.

Además, se desprende del expediente que el representante legal de la peticionaria solicitó por primera vez una transferencia de vista el 12 de diciembre de 2025, la cual fue denegada por razón de la urgencia del asunto a atenderse. Véase, SUMAC-TPI, entrada núm. 11. Además, fíjese que una hora y media antes del señalamiento de la *Vista Urgente,* solicitó por segunda ocasión una transferencia de vista. Véase, SUMAC-TPI, entrada núm. 16. Razón, por la cual, el foro de Instancia la entendió como no puesta.

Así pues, tras examinar el expediente de epígrafe a la luz de lo estatuido en la Regla 52.1 de Procedimiento Civil, *supra,* no

encontramos razones para expedir el auto y revisar la determinación recurrida. Tampoco surge que el foro de Instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Además, determinamos que la actuación del foro de Instancia no representa un fracaso a la justicia. Por el contrario, consideramos que la actuación del foro de Instancia se encuentra dentro del ámbito de su amplia discreción para el manejo del caso ante su consideración. Por tanto, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento.

En consecuencia, a tenor con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, colegimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

### -IV-

Por los fundamentos expuestos previamente, **denegamos** tanto la solicitud de auxilio de jurisdiccion, así como la expedición del recurso de *Certiorari.*

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones